**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| LINDA COLLINS | : | CIVIL ACTION |
|      Plaintiff, | : | |
| | : | |
|  v. | : | NO.  2:26-cv-2523 |
| | : | |
| SAM'S WEST INC. d/b/a SAM'S CLUB | : | |
| and | : | |
| EASTON SAM'S CLUB #6567 | : | |
| and | : | |
| WAL-MART STORES, INCORPORATED | : | |
| and | : | |
| WAL-MART STORES EAST, LP | : | |
| and | : | |
| GEMSTONE RESOURCES | : | |
| and | : | |
| WALLINGFORD ONE HOLDINGS LP | : | |
| and | : | |
| NATIONAL REALTY AND DEVELOPMENT | : | |
| CORPORATION | : | |
| and | : | |
| JANE DOE #1 | : | |
| and | : | |
| JOHN DOE #1 | : | |
| and | : | |
| JOHN DOE CORPORATION | : | |
| | : | JURY TRIAL DEMANDED |
|      Defendants. | : | |

**DEFENDANTS SAM'S WEST INC., EASTON SAM'S CLUB #6567, WAL-MART
STORES, INCORPORATED, AND WAL-MART STORES EAST, LP'S NOTICE OF
<u>REMOVAL</u>**

Defendants, Sam's West Inc. d/b/a Sam's Club, Easton Sam's Club #6567, Wal-Mart Stores,

Incorporated, and Wal-Mart Stores East, LP (hereinafter referred to as "Removing Defendants"), by

and through its undersigned counsel, Law Offices of McDonnell & Associates, P.C., hereby files this

Notice of Removal pursuant to 28 U.S.C. § 1441(a) and (b) and § 1446(b) and (c) to remove this action

from the Philadelphia County Court of Common Pleas, December Term 2025, No. 02244, where it

1

is currently pending, to the United States District Court for the Eastern District of Pennsylvania, and avers in support thereof as follows:

1.      Plaintiff Linda Collins (hereinafter "Plaintiff") initiated this cause of action by filing a Complaint in the Philadelphia County Court of Common Pleas on December 16, 2025. *See* a copy of Plaintiff's Complaint attached hereto at Exhibit "A."

2.      Plaintiff alleges that on or about October 25, 2025, she suffered a fractured left arm, left hand, and lower back injuries due to a misplaced pallet at the Sam's Club located at 3796 Nazareth Road, Easton, Pennsylvania. *See* Exhibit "A," ¶¶ 13, 16, 21.

3.      The subject incident occurred inside the subject Sam's Club.

4.      Removing Defendants were served with Plaintiff's Complaint on January 23, 2026 and February 4, 2026. *See* Affidavits of Service on Removing Defendants, attached hereto as Exhibit "B."

5.      On February 11, 2026 Removing Defendants filed Preliminary Objections to Plaintiff's Complaint. *See* Preliminary Objections, attached hereto as Exhibit "C."

6.      On February 12, 2026 Plaintiff filed her Amended Complaint. *See* Plaintiff's Amended Complaint, attached hereto as Exhibit "D."

7.      Plaintiff's Amended Complaint contained no new information on damages. *Id.*

8.      Removing Defendants answered Plaintiff's Amended Complaint on March 4, 2026. *See* Answer with New Matter to Plaintiff's Amended Complaint, attached hereto as Exhibit "E."

9.      Removal from the Philadelphia County Court of Common Pleas is proper under 28 U.S.C. §1441(a) and (b), which authorizes the removal of any civil action of which the District Courts of the United States has original jurisdiction and if none of the parties in interest **properly** joined and served as a defendant is a citizen of the state in which such action is brought.

2

10.    For the reasons set forth more fully below, this Court has original jurisdiction over the subject matter under 28 U.S.C. §1332 because the properly joined parties are citizens of different states and the matter in controversy exceeds $75,000.

## I.    There is Complete Diversity of Citizenship Amongst the Properly Joined and Served Parties

11.    Plaintiff is a citizen of the Commonwealth of Pennsylvania as she avers that she is a resident of Easton, Pennsylvania. *See* Exhibit "A," ¶ 1.

12.    Sam's West Inc. is an Arkansas corporation with a principal place of business in Arkansas.

13.    Easton Sam's Club #6567 is not a legally recognized entity.

14.    Walmart Inc., formerly known as Wal-Mart Stores Inc., is a Delaware corporation with a principal place of business located in Arkansas.

15.    Wal-Mart Stores East, LP is a limited partnership organized and existing under the laws of Delaware with a principal place of business in Bentonville, Arkansas. Walmart Inc. is the ultimate and sole (100%) owner of Wal-Mart Stores East, LP through wholly-owned operating entities as follows: Walmart Inc., a citizen of Delaware and Arkansas, is the sole (100%) member of Wal-Mart Stores East, LLC (WMSE). Therefore, WMSE is a citizen of Delaware and Arkansas. WMSE is the sole (100%) member of both WSE Management, LLC and WSE Investment, LLC. Therefore, WSE Management, LLC and WSE Investment, LLC are also citizens of Delaware and Arkansas. WSE Investment, LLC, is the 99% owner and limited partner of Wal-Mart Stores East, LP. WSE Management, LLC, is the 1% owner and general partner of Wal-Mart Stores East, LP. Wal-Mart Stores East, LP is a citizen of the States of Delaware and Arkansas since its partners are citizens of Delaware and Arkansas. *See Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (". . . a partnership, as an unincorporated entity, takes on the citizenship of each of its partners.").

16.    Moreover, Sam's East, Inc., the proper Sam's Club entity who is unnamed in this action, is an Arkansas corporation with a principal place of business in Arkansas.

17.    As such, the Removing Defendants are citizens of Delaware and Arkansas, and not Pennsylvania.

18.    In addition to Wal-Mart Stores East, LP, Plaintiff attempted to name Gemstone Resources, Wallingford One Holdings, LP, and National Realty and Development Corporation, all of whom are landlord entities for the subject Sam's Club.

19.    Plaintiff claims that each Defendant was a Pennsylvania entity and "were in exclusive possession, management, and control of the" subject Sam's Club." *See* Exhibit "D," ¶¶ 6-8, 15.

20.    However, the claims against these entities (hereinafter referred to as the "Landlord Entities") are not colorable as Sam's East, Inc., at all relevant times subleased the premises and was responsible for the operation of the subject store.

21.    Wal-Mart Stores Inc. entered into a lease with the Landlord Entities' predecessor in interest, Alford-Easton, L.P., in January 1994. *See* Lease, attached hereto as Exhibit "F."

22.    Wal-Mart Stores Inc. later assigned the lease to Sam's Real Estate Business Trust, who then subleased the premises to Sam's East, Inc.

23.    Pursuant to the terms of the lease, the lessee, Sam's East, Inc., "shall maintain the interior… of the Demised Premises (the area within the walls, including the paint on said walls…)…" *Id.* at pg. 10, §10.

24.    As such, Removing Defendants and not the Landlord Entities were responsible for maintaining the subject premises' interior at all relevant times.

25.    Moreover, the lease, which also contemplates the construction of the subject store, repeatedly discusses that the landlord was to deliver possession of the building to the lessee, meaning

that the Landlord Entities were out of possession of the subject building at all relevant times. *See* Exhibit "F" generally.

26.    "As a general rule, a landlord out of possession is not liable for injuries incurred by third parties on the leased premises because the landlord has no duty to such persons." *Jones v. Levin*, 2007 PA Super 412, P7, 940 A.2d 451, 454 (Pa. Super. 2007) (citations omitted). This general rule is based on the legal view of a lease transaction as the equivalent of a sale of the land for the term of the lease. *Id.* (*citing Deeter v. Dull Corporation, Inc.*, 420 Pa. Super. 576, 617 A.2d 336, 339 (Pa. Super. 1992)). Thus, "liability is premised primarily on possession and control and not merely [on] ownership." *Id. (citations omitted).*

27.    Plaintiff's claims against the Landlord Entities are identical to the claims against Removing Defendants and arise solely from its purported duty on the land, which it did not have.

28.    Therefore, the claims against the Landlord are not colorable.

29.    "The doctrine of fraudulent joinder represents an exception to the requirement that removal be predicated solely upon complete diversity." *In re Briscoe*, 448 F.3d 201, 215-216 (3d Cir. 2006) (*citing Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998)).

30.    "In a suit with named defendants who are not of diverse citizenship from the plaintiff, the diverse defendant may still remove the action if it can establish that the non-diverse defendants were 'fraudulently' named or joined solely to defeat diversity jurisdiction." *Briscoe*, *id.* at 216.

31.    "'Fraudulent joinder' is a term of art – a demonstration of outright fraud or bad faith is not necessary to render a party fraudulently joined. Rather, the standard consists of two independently sufficient tests – one objective and one subjective." *Lopez v. Home Depot, Inc.*, 2008 U.S. Dist. LEXIS 56292, *4-5 (E.D. Pa. Jul. 22, 2008) (*citing Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 32 (3d Cir. 1985)).

32.     Joinder is fraudulent "'where there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, **or** no real intention in good faith to prosecute the action against the defendant or seek a joint judgment.'" *Arndt v. Johnson & Johnson*, 2014 U.S. Dist. LEXIS 28629, *8-9 (E.D. Pa. Mar. 5, 2014) (*quoting Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990)) (emphasis added).

33.     In determining whether there has been a fraudulent joinder, the Court may "'look beyond the allegations of plaintiffs' complaint' and examine the underlying facts." *Lopez*, 2008 U.S. Dist. LEXIS 56292 at * 5 (*quoting Abels*, 770 F.2d at 32).

34.     As set forth above, at all relevant times Sam's East Inc. operated, maintained, and controlled the subject premises.

35.     Therefore, the Landlord's inclusion in this lawsuit does not defeat diversity of citizenship. *In re Diet Drugs*, 220 F. Supp. 2d 414, 419 (E.D. Pa. Aug. 13, 2002) (stating that "[t]he presence of a party fraudulently joined cannot defeat removal").

36.     The Middle District of Pennsylvania recently found that a landlord was fraudulently joined under similar circumstances. *See Oressey v. KinderCare Educ. LLC*, 2018 U.S. Dist. LEXIS 83836, *5-7 and n.3, 2018 WL 2287629 (M.D. Pa. May 18, 2018) (denying a motion for remand where KinderCare occupied and operated the premises and had constructed the building upon the leased land, holding that the non-diverse landlord was out of possession).[1]

37.     Moreover, fraudulently joined parties need not consent to removal. *Arndt*, 2014 U.S. Dist. LEXIS 28629 at *8-9 (stating that the "unanimity rule may be disregarded if a defendant has been fraudulently joined").

38.     Plaintiff also named a number of John Doe defendants.

---

[1] A copy of the *Oressey* opinion is attached hereto as Exhibit "G."

39. The "John Does" and fictitious entities named as Co-Defendants have no citizenship for diversity purposes. *See* 28 U.S.C. § 1441(b)(1)("In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded"); *see also Brooks v. Purcell*, 57Fed. Appx. 47, 50 (3d Cir. 2002) ("there is no doubt that in determining whether there is complete diversity of citizenship we disregard the John Doe and Jane Doe defendants . . .").

40. As such, complete diversity exists and removal is proper.

## II.    The Amount in Controversy Exceeds the Jurisdictional Minimum of $75,000

41. Removing Defendants have reason to believe that Plaintiff's damages exceed the jurisdictional minimum due to information contained in Plaintiff's Case Management Conference Memorandum which, for the first time in writing, indicated that the amount in controversy exceeds $75,000. *See* Plaintiff's Case Management Conference Memorandum, attached hereto as Exhibit "H."

42. Where a case started by the initial pleading is not removable, "a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). *See also*, § 1446(c)(3)(A).

43. The thirty-day timeline for removal "is triggered **only** when the defendant receives a particular document…" *McLaren v. UPS Store Inc.*, 32 F.4th 232, 236 (3d Cir. 2022).

44. In adopting what is known as the "bright-line rule" to determine when a case becomes removable, the Third Circuit stated "whether removal is timely under § 1446(b) depends on 'whether [a] document [the defendant receives] informs the reader, to a **substantial degree of specificity**, [that] all the elements of federal jurisdiction are present.'" *Id.* at 238 (*quoting Foster v. Mut. Fire, Marine & Inland Ins. Co.*, 986 F.2d 48, 53 (3rd Cir. 1993) (emphasis added).

45.    The *McLaren* Court went on to state that "[m]any of our sister circuits agree. Those courts have held that § 1446(b) clocks are triggered based only on what a defendant can ascertain from the four corners of the plaintiff's complaint or other paper the defendant receives." *Id.* at 239.

46.    Based on the four corners of Plaintiff's Complaints, both original and amended, alone, Removing Defendants could not reasonably or intelligently conclude that the amount in controversy exceeded the jurisdictional minimum.

47.    Plaintiff's Complaint does not allege an injury, treatment, expense incurred, or make any other averment which could allow Walmart to conclude that Plaintiff's damages exceed the jurisdictional limit.  *See* Generally Exhibit "A."

48.    Plaintiff alleges that she suffered an arm fracture along with unspecified injuries to her hand and lower back.

49.    She then relied on boilerplate language discussing her course of treatment and averred that damages exceed $50,000.

50.    These averments do not allow Removing Defendants to conclude **to a substantial degree of specificity** as required by the Third Circuit in *McLaren* that the amount in controversy exceeds $75,000.

51.    As such, Plaintiff's Case Management Conference Memorandum, which was filed on March 17, 2026 and indicated a demand of $900,000, allowed Removing Defendants, for the first time, to conclude that the amount in controversy exceeds $75,000.

52.    This is remarkably similar to *Bambino Forte v. JBH Trucking, Inc.*, which was decided by this Honorable Court mere months ago in December 2025, where the plaintiff contested a removal on timeliness grounds. *Bambino-Forte v. JBH Trucking, Inc.*, No. 25-4701, 2025 LEXIS 510050 (E.D. Pa. Dec. 10, 2025).[2]

---

[2] A copy of the *Bambino-Forte* opinion is attached hereto as Exhibit "I."

53.    In *Bambino-Forte*, the plaintiff's Complaint alleged that the plaintiff suffered a torn Achilles tendon, a disc herniation at L5-S1, unspecified injuries to her head and neck, incurred ongoing medical expenses, suffered a wage loss claim, and made stated that damages exceeded $50,000. *Id.* at *2.

54.    The plaintiff ultimately filed a Case Management Conference Memorandum demanding $750,000 which led the defendants to file a Notice of Removal. *Id.* at *3.

55.    The plaintiff then filed a remand motion stating that the Complaint sufficiently put the defendants on notice of the amount in controversy. *Id.*

56.    This Honorable Court applied the Bright Line Rule set forth in *McLaren* and determined that the removal was filed in a timely manner as the plaintiff's complaint did not sufficiently put the defendants on notice that the case was removable." *Id.* at *7.

57.    As such, the removal there was properly triggered by the plaintiff's Case Management Conference Memorandum.  *Id.* at *9.

58.    The circumstances of the instant removal are remarkably similar to those in *Bambino-Forte*, as our Complaint is similarly does not contain sufficient information to satisfy the Bright Line Rule set forth in *McLaren* with removal now sought on the basis of Plaintiff's Case Management Conference Memorandum stating a demand in excess of $75,000.

59.    Based on the foregoing, Defendant submits that the preponderance of the evidence establishes that the matter in controversy is in excess of $75,000, exclusive of interest and costs, and the requirements for removal are satisfied.

60.    Further, this Notice of Removal is filed within thirty (30) days of service of the other paper in which Plaintiff indicated that the case's value exceeded $75,000, thus warranting removal. *See* 28 U.S.C. § 1446(b)(3).

61.     As such, Walmart's removal is timely, as it has been filed within 30 days of receipt of the "other paper" in the form of Plaintiff's Case Management Conference Memorandum.

62.     This Court has original jurisdiction over the subject matter under 28 U.S.C. §1332 as the parties are citizens of different states, and the matter in controversy exceeds $75,000 as set forth herein.

63.     As such, for the reasons set forth herein, Plaintiff is diverse from the only properly joined Defendant, and the requirements for removal under 28 U.S.C. §§ 1441(a) and (b) and 1446(b) and (c) are satisfied.

**WHEREFORE**, Defendants, Sam's West Inc. d/b/a Sam's Club, Easton Sam's Club #6567, Wal-Mart Stores, Incorporated, and Wal-Mart Stores East, LP respectfully requests that this State Action be removed from the Philadelphia County Court of Common Pleas to the United States District Court for the Eastern District of Pennsylvania.

Respectfully submitted,
**MCDONNELL & ASSOCIATES, P.C.**

Dated: April 16, 2026                    By:      _/s/ Sean K. Ruckenstein_
                                         Patrick J. McDonnell, Esquire
                                         Attorney I.D. No. 62310
                                         Email: pmcdonnell@mcda-law.com
                                         Sean K. Ruckenstein, Esq.
                                         Attorney I.D. No. 328701
                                         Email: sruckenstein@mcda-law.com
                                         500 Route 70 West
                                         Cherry Hill, NJ 08002
                                         (T) 856.429.5300 (F) 856.310.7900
                                         *Attorneys for Defendant Wal-Mart Stores East, LP*